**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| JUAN TYLER LOPEZ-GERRAUGHTY,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, F.C.I. FORT DIX,<br><br>Respondent. | Civ. No. 23-4149 (RMB)<br><br>**OPINION** |

**RENÉE MARIE BUMB,** Chief United States District Judge

This matter comes before the Court upon Petitioner Juan Tyler Lopez-Gerraughty's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prison's statutory interpretation of a provision of the First Step Act, 18 U.S.C. § 3632(d)(4)(D)(xxii), when denying him time credits based on a disqualifying conviction under 18 U.S.C. § 924(c). (Petition, Dkt. No. 1). Respondent filed an answer in opposition to the Petition, (Answer, Dkt. No. 5), and Petitioner submitted a reply (Reply, Dkt. No. 8).

Subsequently, the Cout ordered supplemental briefing based on the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412-13 (June 28, 2024), which held that courts must exercise independent judgment when interpreting an ambiguous statute, rather than relying on administrative agency

deference. Accordingly, both parties submitted supplemental briefing. (Respondent's Supplemental Brief, Dkt. No. 12; Petitioner's Supplemental Brief, Dkt. No. 13.) For the reasons discussed below, the Court will deny the Petition on the merits.

## I. BACKGROUND

The relevant background is drawn from the parties' respective submissions and the material events are undisputed. Petitioner is a federal inmate incarcerated at the Federal Correctional Institution ("FCI") Fort Dix in Trenton, New Jersey serving an aggregate 130-month sentence for robbery under 18 U.S.C. § 1951 and 2, bank robbery under 18 U.S.C. § 2113(b) and 2, and using, carrying, and brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii). (Petition, Dkt. No. 1 at 11-12.)

### A. The Petition

On August 2, 2023, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prison's ("BOP") determination that he is ineligible to receive time credits under the First Step Act ("FSA") because he is serving an aggregate sentence of 130 months for convictions pursuant to 18 U.S.C. §§ 1951 and 2 (interference with commerce by robbery), 2113(b) and 2 (bank larceny), and 924(c) (use of a firearm during a crime of violence). (Petition at 11-12.) Petitioner received a seventy-month sentence for the conviction pursuant to 18 U.S.C. § 1951 and a sixty-month sentence for the conviction pursuant to 18 U.S.C. § 924(c), aggregated to a single 130-month term. (Petition, Ex. 1, Dkt. No. 1-1 at 1-5.)

Petitioner contends that the BOP "exceeded the scope of its authority" and "abused its discretion" by prohibiting him from earning FSA time credits. (Pet., Dkt. No. 1, at 14.) Petitioner further contends that the BOP failed to properly interpret the FSA provisions such that he should not be excluded from earning FSA time credits based on his § 924(c) conviction. (*Id.* at 14-15.) For relief, Petitioner seeks application of earned time credits under the FSA during the "eligible" portion of his prison term. (*Id.* at 33.)

Petitioner argues that 18 U.S.C. § 3632(d)(4)(D) is ambiguous as the statute does not explicitly set forth the procedure when an inmate has a mix of both qualifying and nonqualifying offenses regarding the application of FSA time credits. (*Id.* at 16-17.) Petitioner argues that the BOP's interpretation is incorrect such that the Court should review the sentences for his convictions separately for FSA time credit purposes. (*Id.* at 31.) He reasons that he should be able to earn time credits while serving his entire 130-month sentence because of his concurrent "eligible" offenses, which standing alone would make him eligible for earned time credits under the FSA. (*Id.*) He claims that the credits simply may "not be applied to his § 924(c) sentence but may be applied to his eligible [robbery & larceny] offenses." (*Id.*) After he finishes his § 924(c) sentence, Petitioner requests the time credits to be applied to his concurrent robbery and larceny offense sentences and that his overall sentence then be recalculated. (*Id.*)

In light of *Loper Bright*, Petitioner doubles down on his argument that § 3632(d)(4)(D) is vague because it does not specify whether a prisoner serving multiple

sentences based on both qualifying and nonqualifying convictions is "eligible" under the FSA. (Petitioner's Supplemental Brief, Dkt. No. 13 at 2-4.) Petitioner argues that *Loper Bright* bolsters his argument because courts can no longer defer to the BOP when a statute is ambiguous. (*Id.* at 6-7.) Instead, courts must independently determine the statute's "best reading" based on congressional intent. (*Id.* at 7.) Petitioner contends that § 3632(d)(4)(D) repeatedly refers to a single "sentence" and "conviction," but does not explain how to treat inmates serving multiple sentences based on multiple qualifying and nonqualifying convictions when only one of those convictions excludes him from earning time credits. (*Id.* at 8.) Petitioner argues that Congress intended for only that specific sentence to be excluded from earning FSA time credits, rather than the entire aggregate sentence. (*Id.* at 4-5.) Petitioner points to Respondent's argument that multiple sentences must be aggregated for "administrative purposes" under 18 U.S.C. § 3584, but counters that "administrative purposes" is itself ambiguous and merely allows the BOP to manage consecutive sentences efficiently, but does not allow it to eliminate the statutory eligibility that Congress created. (*Id.* at 4-6.) Petitioner submits that the statute is ambiguous, and no deference is owed to the BOP's interpretation of the statute. (*Id.* at 2-3.)

**B. The Answer**

Respondent opposes habeas relief, arguing that the plain language of the FSA coupled with Petitioner's § 924(c) conviction renders him categorically ineligible to earn FSA time credits. (Answer, Dkt. No. 5 at 11-12.) Under the FSA, an inmate may earn time credits by successfully completing BOP-approved programs addressing

the particular needs assigned to that inmate. (*Id.* at 13, citing 18 U.S.C. § 3632(d)(4)). However, Congress excluded categories of prisoners eligible for this benefit, based on their offenses of conviction. (*Id.*, citing § 3632(d)(4)(D)). Ineligible inmates include those convicted under § 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime. (*Id.* at 21, citing § 3623(d)(4)(D)(xxii) (emphasis in Answer)). In other words, § 3632(d)(4)(D)(xxii) specifically excludes § 924(c) convictions from eligibility. (*Id.*) Respondent contends that the language in Subsection xxii, "possession or use" plainly corresponds to the language in § 924(c) concerning convictions for one who "possesses" or, separately, for one who "uses or carries" a firearm, and as such, Congress knew when excluding § 924(c) offenses from Subsection xxii, that those convictions could be accompanied by additional sentences for the underlying crime of violence or drug offense. (*Id.* citing *United States v. Galati*, 844 F.3d 152, 155 (3d Cir. 2016) ("prosecution under § 924(c) requires that the government prove the defendant committed a qualifying offense but does not require that the defendant be charged or convicted of such an offense")).

Respondent further argues that Petitioner's sentences of sixty months for the § 924(c) conviction and seventy months for the robbery conviction cannot be separated because 18 U.S.C. § 3584 requires consecutive sentences to be treated as an aggregate term of imprisonment for administrative purposes. (*Id.* at 13.) Respondent contends that the FSA applies to aggregate sentences and if any conviction within that aggregate sentence is disqualifying, then the prisoner is ineligible to earn FSA time credits for the

entire sentence. (*Id.* at 13-14.) As it relates to statutory construction, Respondent contends that when Congress enacted the FSA, it knew that § 3584(c) required sentence aggregation and if it did not want to include aggregated sentences it would have said so. (*Id.* at 17-18.)

Despite the holding in *Loper Bright*, Respondent argues that it does not undermine the BOP's interpretation of the FSA because it still remains consistent with statutory interpretation such that inmates serving an aggregate sentence that includes a § 924(c) conviction are still ineligible to earn FSA time credits. (Respondent's Supplemental Brief, Dkt. No. 12 at 3.) Respondent finally points to recent decisions post *Loper Bright* in support of its position. (*Id.* at 3 citing *Colotti v. Peters*, No. 25-1191, 2025 WL 1321386, at *2 (3d Cir. May 7, 2025) ("Colotti is serving a sentence for a conviction under § 924(c) . . . . Therefore, under the plain text of the Act, Colotti is ineligible to earn good time credits."); *Giovinco v. Pullen*, 118 F.4th 527 (2d Cir. 2024); *Teed v. Warden FCI Allenwood*, No. 23-1181, 2023 WL 4556726 (3d Cir. July 13, 2023) (per curiam)).

## II. DISCUSSION

Petitioner asserts jurisdiction under 28 U.S.C. § 2241, which applies "where a prisoner alleges "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner challenges the BOP's statutory interpretation of the FSA, 18 U.S.C. § 3632(d)(4)(D)(xxii), a determination that excludes him from earning time credits toward early release. Respondent argues that the Petition must be denied because the BOP properly determined that Petitioner

is statutorily ineligible for application of FSA time credits because he has been convicted of, and is serving a sentence for, a disqualifying offense listed in 18 U.S.C. § 3632(d)(4)(D). Specifically, Petitioner was convicted and sentenced for using, carrying, and brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii).

**A. The Exhaustion Requirement is Waived**

A federal inmate ordinarily must exhaust administrative remedies before seeking habeas relief under 28 U.S.C. § 2241. *Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). "Proper exhaustion requires that a prisoner present his claim at every administrative level." *Concepcion v. Warden Allenwood FCI*, 750 F. App'x 184, 185 (3d Cir. 2019) (per curiam). The administrative remedy procedures for federal prisoners are set forth at 28 C.F.R. §§ 542.10-542.18. Absent proper exhaustion of administrative remedies, "judicial review is barred unless [the prisoner] can demonstrate cause and prejudice." *Johnson v. Warden Big Sandy USP*, 708 F. App'x 745, 747 (3d Cir. 2017) (per curiam). However, exhaustion is excused when the issue presented involves only statutory construction. *Vasquez*, 684 F.3d at 434; *see also Goodman v. Sage*, No. 4:22-CV-00981, 2022 WL 18028148, at *2-3 (M.D. Pa. Dec. 30, 2022) (finding that exhaustion was excused where the petitioner's argument that his FSA time credits should be applied to his non-disqualifying offense, despite his disqualifying § 924(c) conviction raised an issue of statutory construction).

Petitioner is serving an aggregate 130-month sentence consecutive sentence for robbery under 18 U.S.C. §§ 1951 and 2, bank robbery under 18 U.S.C. § 2113(b) and 2, and using, carrying, and brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii). (Petition at 11-12; Petition, Ex. 1, Dkt. No. 1-1 at 1-5.) Based on his § 924(c) conviction, the BOP deemed him ineligible to earn FSA time credits. (*Id.*) Petitioner argues that it is improper for the BOP to deem him ineligible for FSA time credits because his § 924(c) sentence is being served consecutively with his other sentence for robbery, which does not preclude him from eligibility for FSA time credits in relation to his other robbery sentence. (*Id.* at 33.)

Here, the record reflects that Petitioner first submitted an informal resolution form to his correctional counselor at FCI Fort Dix and then a formal appeal to the Warden. (Petition, Dkt. No. 1-2 at 1-5.) Petitioner received denials from both the correctional counselor and the Warden, both explaining Petitioner's ineligibility of receiving FSA time credits based on his § 924(c) offense. (*Id.*) The Court finds that although Petitioner did not complete the administrative remedy process, the exhaustion requirement is waived because the Petition raises an issue of statutory construction as to the BOP's interpretation of 18 U.S.C. § 3632(d)(4)(D). *See Vasquez*, 684 F.3d at 434; *see also Goodman*, No. 4:22-CV-00981, 2022 WL 18028148, at *2-3. Accordingly, the exhaustion requirement is waived.

**B. The Merits of the Petition Fails**

The Court turns to the merits of the Petition. The Court finds that Petitioner is not entitled to habeas relief because he is ineligible for FSA time credits based on his § 924(c) conviction.

Statutory construction begins with the plain words of the statute. When Congress enacted the FSA in December 2018, it directed that,

> . . . the Attorney General in consultation with the Independent Review Committee authorized by the First Step Act of 2018, shall develop and release publicly on the Department of Justice website a risk and needs assessment system (referred to in this subchapter as the "System")[.]

18 U.S.C. § 3632(a). Under § 3632(d), "—[t]he System shall provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs as follows . . ."

> (4) Time credits.—
>
> (A) In general.--A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:
>
> (i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.
>
> (ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

> . . .
>
> **(D) Ineligible prisoners.--A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law:**
>
> . . .
>
> **(xxii) Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime.**

(Emphasis added).

Under § 924(c), possession of a firearm is only unlawful if it is possessed "in furtherance of any such crime [crime of violence or drug trafficking]." Therefore, the plain meaning of Subsection xxii, "relating to unlawful possession under § 924(c)" means possession of a firearm in furtherance of a drug trafficking crime or crime of violence. *See Fisher v. Knight*, No. CV 22-7006 (RMB), 2023 WL 8868490, at *5 (D.N.J. Dec. 22, 2023) (citing *Eubanks v. Segal*, No. 23-CV-1245 (ECT/JFD), 2023 WL 4409921, at *1 (D. Minn. May 19, 2023), *report and recommendation adopted*, No. 23-CV-1245 (ECT/JFD), 2023 WL 4407494 (D. Minn. July 7, 2023) ("the FSA states in plain terms that persons who are in prison because they violated § 924(c) are ineligible to receive time credits.")).

Moreover, 18 U.S.C. § 3584(c) provides that, "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." *See also Colotti v. Peters*, No. 25-1191, 2025 WL 1321386, at *1 (3d Cir. May 7, 2025) (citing *Giovinco v. Pullen*, 118

F.4th 527, 531 (2d Cir. 2024), *petition for cert. filed*, No. 24-6827 (U.S. Mar. 21, 2025) (citing with approval *Chambers v. Warden Lewisburg USP*, 852 F. App'x 648, 650 (3d Cir. 2021), and concluding that "the aggregation provision [of § 3584(c)] applies to the BOP's administration of the FSA time credit program")).

Courts post-*Loper Bright* have rejected arguments similar to Petitioner's, where the BOP treats a prisoner's sentence in the aggregate to deny FSA time credits, where that sentence includes a disqualifying offense. *See Pacheco Mejia v. Warden Loretto FCI*, No. 25-2205, 2025 WL 3124474, at *1 (3d Cir. Nov. 7, 2025) (affirming the district court's conclusion that the petitioner is statutorily ineligible to earn time credits because he is serving a sentence for a conviction under § 924(c)); *Colotti*, No. 25-1191, 2025 WL 1321386, at *2 (affirming the district court's finding that the petitioner is ineligible to receive FSA time credits because he is serving a sentence for a conviction under § 924(c) and the BOP properly aggregated his convictions as a single sentence for purposes of FSA time credits pursuant to 18 U.S.C. § 3584(c)).

Here, Petitioner is ineligible to receive FSA time credits because as Respondent argues, and the Court agrees, his § 924(c) conviction is a disqualifying offense expressly listed in Subsection xxii. 18 U.S.C. § 3632(d)(4)(D) provides that, "[a] prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law: . . . Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 3632(d)(4)(D)(xxii). Because

Petitioner was convicted of using a firearm during a crime of violence pursuant to § 924(c), he is ineligible for the FSA time credits he seeks.

Furthermore, Petitioner's argument that *Loper Bright* allows this Court to overturn the BOP's decision that he is ineligible to receive FSA credits is misplaced because the disqualifying offense was expressly specified by Congress in the FSA and is not the result of the BOP's interpretation of an ambiguous statute. *See Folk v. Howard*, No. 3:22-CV-21, 2025 WL 2413902, at *2 (M.D. Pa. Aug. 20, 2025), *aff'd sub nom.*, *Folk v. Warden Schuylkill FCI*, No. 25-2712, 2026 WL 800767 (3d Cir. Mar. 23, 2026) (finding same). Moreover, pursuant to the plain language of 18 U.S.C. § 3584(c), "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). Because Petitioner is serving his § 924(c) sentence as part of his "single, aggregate term of [130-month] imprisonment," 18 U.S.C. § 3584(c), he is statutorily ineligible to receive FSA time credits. *See* 18 U.S.C. § 3632(d)(4)(D)(xxii); *Colotti*, No. 25-1191, 2025 WL 1321386, at *2. Consequently, the Petition fails on the merits.

## IV. CONCLUSION

Based on the foregoing reasons, the Court denies the Petition. An appropriate Order follows.

Dated: **September 2, 2026**

s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge